IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**MTU AKILI,**
    **Petitioner,**                                 **Civil Action No. 7:12-cv-00456**

**v.**                                                   **MEMORANDUM OPINION**

**C. ZYCH,**                                  **By:**    **Hon. Michael F. Urbanski**
    **Respondent.**                                   **United States District Judge**

Mtu Alkili,[1] a federal inmate proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  Petitioner argues that his sentences imposed by the United States District Courts for the Western District of Pennsylvania and the Northern District of Ohio are unconstitutional because of a recent interpretation of relevant law by the Fourth Circuit Court of Appeals.  Petitioner is presently confined at a correctional facility within this district, and this matter is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases.[2]  After reviewing petitioner's submissions, the court concludes that petitioner fails to demonstrate an entitlement to relief via § 2241 and dismisses the petition without prejudice.

**I.**

On June 10, 1994, the United States District Court for the Northern District of Ohio sentenced petitioner to twenty-two years' imprisonment for possessing crack cocaine with intent to distribute.  <u>United States v. Austin</u>, No. 1:93-cr-00353-001 (N.D. Ohio June 10, 1994).  On November 11, 1994, the United States District Court for the Northern District of Ohio sentenced petitioner to twenty-seven years' concurrent imprisonment for crimes related to an armed bank

---

[1] Petitioner was previously named Darrin A. Austin.
[2] Rule 1(b) permits the court to apply the Rules for § 2254 Cases to a § 2241 habeas petition, and Rule 4 permits the court to dismiss a habeas petition when it plainly appears that petitioner is not entitled to relief.

robbery.  United States v. Austin, No. 1:94-cr-00068-A11 (N.D. Ohio Nov. 11, 1994).  The District Court for the Northern District of Ohio sentenced petitioner as a career offender for both actions because of two state-court convictions in Ohio: attempted aggravated arson and drug trafficking.  The state sentence for attempted aggravated arson was suspended and resulted in only one year of probation, and the state sentence for drug trafficking was sixty days in a residential drug treatment program.  The United States District Court for the Northern District of Ohio dismissed petitioner's 28 U.S.C. § 2255 motions to vacate the judgments entered in actions 1:93-cr-00353-001 and 1:94-cr-00068-A11.

On March 11, 2002, the United States District Court for the Western District of Pennsylvania sentenced petitioner to ten years' consecutive imprisonment for assaulting another inmate.  United States v. Akili, No. 01-00002-001 (W.D. Pa. Mar. 11, 2002).  The District Court considered petitioner to be a career offender based on the two prior federal convictions, but petitioner argues that there was no intervening arrest between his first and second federal convictions.  See United States Sentencing Guideline § 4A1.2(a)(2) (discussing the impact of an intervening arrest when computing a defendant's criminal history).  Petitioner has not yet filed a § 2255 motion to challenge his third federal conviction the entered by the United States District Court for the Western District of Pennsylvania.

Petitioner prefers to proceed via § 2241 to invalidate all three federal judgments instead of asking the Sixth Circuit Court of Appeals for permission to file successive § 2255 motions and filing an initial § 2255 motion with the District Court for the Western District of Pennsylvania.  Petitioner relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), to argue that he is not a career offender, and he asks to be released from incarceration because he believes he has already been incarcerated longer than if he was not sentenced as a career offender.

## II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention."  28 U.S.C. § 2255(h); Swain v. Pressley, 430 U.S. 372, 381 (1977).  A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective."  In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner fails to establish how Simmons' analysis of North Carolina's sentencing laws applies to Ohio's laws, and petitioner may not proceed via § 2241 to challenge sentencing calculations used in the prior federal convictions.  See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of [§ 2255(h)] . . . to those petitioners challenging only their sentence.").  The fact that a new § 2255 motion would be time barred or considered successive does not make § 2255 review

"inadequate" or "ineffective." Furthermore, petitioner cannot prove § 2255 is inadequate to challenge the sentence imposed by the District Court for the Western District of Pennsylvania because he has not yet filed a § 2255 motion to challenge that court's judgment. Accordingly, petitioner fails to meet the In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his convictions, his claims cannot be addressed under § 2241, and this petition must be dismissed.

### III.

In conclusion, the court dismisses the § 2241 petition without prejudice because petitioner fails to demonstrate an entitlement to relief.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner.

Entered: October 15, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge